**United States District Court**
For the Northern District of California

1

2

3

4

5

6                IN THE UNITED STATES DISTRICT COURT

7

8                FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    BANTEC, INC.,

10              Petitioner,                          No. C 06-05985 JSW

11        v.

12   PAMELA F. ALVAREZ,                              **ORDER GRANTING MOTION TO**
                                                     **DISMISS**
13              Respondent.

                                            /
14

15        Now before the Court is the motion to dismiss filed by respondent Pamela F. Alvarez

16   ("Alvarez").  Having carefully reviewed the parties' papers and the relevant legal authority, the

17   Court hereby GRANTS the motion.

18                              **BACKGROUND**

19        In 2004, Alvarez filed a class action in the Superior Court for the County of Mendocino

20   against petitioner Bantec, Inc. ("Bantec"), Dell Inc., Dell Catalog Sales, L.P., and Dell

21   Products, L.P. (collectively, "Dell"), and Qualxserv, Inc.  (Alvarez's Request for Judicial

22   Notice ("RJN"), Ex. A.)[1]  Alvarez's state court complaint is a consumer action based on Dell,

23   Qualxserv, and Bantec's alleged deceptive warranty practices.  The alleged practices include

24   selling consumers computers with "next business day onsite repair and parts" warranties but

25   failing to provide such services.  (*Id.*, Ex. A.)  In September 2004, Dell, Qualxserv, and Bantec

26   moved to compel arbitration in the underlying state court class action, which the state court

27   granted.  (*Id.*, Exs. C, D.)  Alvarez sought and was granted leave to file an amended class action

28   complaint in the state court action.  (*Id.*, Ex. E.)  In September 2006, Alvarez filed an amended

[1] The Court grants Alvarez's request for judicial notice.  *See* Fed. R. Evid. 201.

complaint, adding California statutory claims based on the same set of facts.  (*Id.*, Ex. F.)  Dell, Qualxserv, and Bantec then filed separate petitions in this Court to compel arbitration of the claims asserted in Alvarez's state court class action.  Alvarez now moves to dismiss the petition filed by Bantec, *inter alia*, for lack of jurisdiction.

**ANALYSIS**

Federal courts have limited jurisdiction.  *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).  Federal courts can only adjudicate cases which the Constitution or Congress authorize them to adjudicate:  those cases involving diversity of citizenship, or a federal question, or those cases to which the United States is a party.  *See, e.g.*, *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994).  This Court has original subject matter jurisdiction in diversity cases where the matter in controversy exceeds the sum of $75,000 and is between citizens of different states.  28 U.S.C. § 1332.  Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing the contrary rests upon the party asserting jurisdiction.  *Kokkonen*, 511 U.S. at 377.

Bantec contends this Court has jurisdiction based on diversity pursuant to 28 U.S.C. § 1332.  Alvarez does not dispute there is complete diversity between the parties, but rather, argues that the amount in controversy does not exceed $75,000.  In support of its position that the amount in controversy exceeds the jurisdictional amount, Bantec solely relies on the cost *Dell* would incur if it were required to comply with the injunction sought by Alvarez in a separate, related action.

Bantec's reliance on the cost Dell would incur to satisfy the jurisdictional amount fails for two independent reasons.  First, Bantec and Dell initiated separate actions to compel arbitration.  28 U.S.C. § 1367(a) ("section 1367") provides for supplemental jurisdiction over claims that are related to other claims in an action when a district court has original jurisdiction over the action.  The language of section 1367 "requires that the supplemental jurisdiction be exercised in the *same* case, not a *separate* or subsequent case."  *Ortolf v. Silver Bar Mines, Inc.*, 111 F.3d 85, 86 (9th Cir. 1997) (emphasis added).  Without any basis for original jurisdiction in *this* action, the action must be dismissed.

**United States District Court**
For the Northern District of California

1        Second, even if the Court could consider the jurisdictional amount in the petition filed

2    by Dell to provide jurisdiction in this matter, the Court has found that Dell failed to demonstrate

3    the amount in controversy requirement had been satisfied.[2]  Accordingly, Alvarez's motion to

4    dismiss is granted.

5                       **CONCLUSION**

6        For the foregoing reasons, the Court GRANTS Alvarez's motion to dismiss this action

7    for lack of subject matter jurisdiction.[3]

8        **IT IS SO ORDERED.**

9

10   Dated: February 23, 2007

11                                       JEFFREY S. WHITE

                                         UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

---

[2] Because the Court finds that Bantec has failed to demonstrate that the amount in controversy exceeds $75,000, the Court need not address Alvarez's additional asserted bases for dismissal.

[3] Because the Court has ordered that the case be dismissed, Bantec's motion to compel arbitration is moot and need not be addressed.

3